UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BERTLOW TANTAU, | Case No. 1:19-cv-01793-HBK |
| Plaintiff, | OPINION AND ORDER[1] |
| v. | (Doc. No. 1) |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

This cause is before the undersigned on Plaintiff's appeal of an administrative decision denying her August 9, 2016 application for a Period of Disability and Disability Insurance Benefits. (Doc. No. 1). The Administrative Law Judge ("ALJ") found that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged disability onset date of December 20, 2015, through January 30, 2019, the date of the ALJ's decision. (AR 15-31). Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the memoranda, and the applicable law. For the reasons stated herein, the undersigned orders that the Commissioner's decision be affirmed.

**I. ISSUES ON APPEAL**

Plaintiff raises two issues on appeal:

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1) and Local Rule 302(c)(15).

1. The ALJ erred by rejecting the opinion from treating physician Dr. Salvatierra, without specific, legitimate reasons supported by the record.

2. The ALJ erred by rejecting the opinion from Dr. Meyer, the consultative psychological examiner, without specific, legitimate reasons.

(Doc. No. 20 at 3).

## II.  STANDARD OF REVIEW

This Court reviews the Commissioner's final decision under the substantial evidence standard; the decision will be disturbed only if it is not supported by substantial evidence or is based on legal error.  *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "'Substantial evidence' means 'more than a scintilla,' but 'less than a preponderance.'" *Smolen*, 80 F.3d at 1279 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) and *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)) (internal citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). But the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Tackett*, 180 F.3d a 1098 (citations omitted). The court "may only consider the reasons provided by the ALJ in the disability determination and 'may not affirm the ALJ on a ground upon which he did not rely.'" *Luther v. Berryhill*, 891 F. 3d 872, 875 (9th Cir. 2018) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.2d at 1038.

## III.  THE ALJ'S DECISION

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since December 20, 2015, the alleged date of disability onset. (AR 17.). Although Plaintiff did work part-time for a few months in 2016 and 2018, the ALJ found this work to be an "unsuccessful work attempt," and that the work did not constitute substantial gainful activity. (*Id*. at 17-18). At step two, the ALJ found that Plaintiff has the following severe impairments: "generalized anxiety disorder with panic attacks, status post right labral repair, left hip chondral separation, lumbar spine degenerative disc disease, obstructive sleep apnea, and insomnia." (*Id*. at 18); 20 CFR 404.1520(c).

However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that are sufficiently severe to limit her ability to work. (AR 18-19). More particularly, at step three, the ALJ found that Plaintiff's "medically determinable impairments, considered singly and in combination, do not meet or medically equal the criteria of any medical listing, including those found under listing 1.02 and 1.04." (*Id*. at 19).

At step four, regarding Plaintiff's residual functional capacity, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the following specific limitations; frequently lift and carry 10 pounds, occasionally lift and carry 20 pounds; sit for up to 6 hours, stand and walk 6 hours in an 8-hour workday with normal breaks; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, balance, crouch, and crawl; operation of a motor vehicle may be performed frequently; able to perform simple, routine, tasks, involving no more than simple work-related decisions, with no more than rare contact (no more than 5% of the workday) with the general public, and work limited to no fast-paced production requirements, persistence, and pace; and off-task less than 10% of the time in an 8-hour workday.

(*Id*. at 22-28). In light of Plaintiff's residual functional capacity, the ALJ found that Plaintiff does not have the ability to perform any past relevant work—namely working as a dental assistant. (*Id*. at 28-29).

At step five, the ALJ found that, in consideration of Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform," such as an office helper, assembler, or

housekeeper. (*Id*. at 29).

## IV.  ANALYSIS

### A.  Weight Given to Dr. Salvatierra's Opinion

Plaintiff contends that the ALJ erred by rejecting the opinion from treating physician Dr. Salvatierra, without specific, legitimate reasons supported by the record. (Doc. No. 20 at 13-15). As more addressed *infra*, the Court rejects this argument.

The Ninth Circuit employs a hierarchy to medical opinions affording weight to medical opinions by whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201-1202 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ gives more weight to the medical opinion of a source who has examined the claimant than to the medical opinion of a source who has not examined the claimant, 20 C.F.R. § 404.1527(c)(1), and generally, more weight is given to medical opinions from a treating physician, *id*. § 404.1527(c)(2). *See also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The Court "afford[s] greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). "If a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, [it will be given] controlling weight.'" *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing § 404.1527(c)(2)). "[T]he more consistent a medical opinion is with the record as a whole, the more weight [is given] to that medical opinion." § 404.1527(c)(4).

However, where the treating physician's opinion is contradicted by another doctor, the ALJ may reject this opinion as long as the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Garrison*, 759 F.3d at 1012 ("Where an ALJ does not . . . set forth specific, legitimate reasons for crediting one medical opinion over another, he errs."). "An ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).  Moreover, the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."  *Orn*, 495 F.3d at 630; *see also Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

The Court finds that the ALJ set forth specific, credible reasons for crediting one medical opinion over another.  The ALJ considered and summarized the findings of the various medical doctors, finding that Dr. Salvatierra's opinion was contradicted by other evidence in the record.  As summarized by the ALJ, Dr. Salvatierra found Plaintiff: "had significant physical limitations, including lifting and carrying no more than five pounds, sitting one hour in an eight-hour workday, standing and walking one hour in an eight-hour workday, and the need to lie down and/or recline about two hours during an eight-hour workday." (AR 27).  The ALJ "assigned little weight" to Dr. Salvatierra's opinion "because it is simply not supported by the greater weight of the evidence.  Although the [Plaintiff] has had hip pain, she had surgery, which resolved the symptoms to the point where the [Plaintiff] can do more than that which is reflected in the opinion.  Further, the opinion is inconsistent with the lack of significant abnormality of the spine and extremities on physical examination." (*Id.*).

The ALJ instead gave "great weight" to the state agency medical consultants' opinions. (AR 26).  The ALJ summarized the state agency medical consultants' opinions and made the following findings:

> the opinions found that the [Plaintiff] was limited to a reduced range of light work with occasional performance of postural activities.  The undersigned gives great weight because the opinions are based on a review of the case record that includes medical reports about the claimant's particular impairments.  In addition, the State agency medical consultants have an understanding of Social Security disability programs and their evidentiary requirements.  Further, the opinions are supported by the evidence in the case record.  This evidence shows abnormal findings on imaging studies of the bilateral hips and lower back that support the claimant likely has hip and low back pain, but normal gait, strength, reflexes, and sensation on physical examination.

(*Id*. at 26-27).

As for the opinion of Dr. Wagner, the internal medicine consultative examiner, the ALJ assigned partial weight. (*Id*. at 27). Specifically, the ALJ found the following about Dr. Wagner's opinion:

> [The] opinion essentially found the claimant could perform a range of medium work with frequent climbing of ramps and stairs, occasional climbing of ladders and scaffolds, and frequent operation of a motor vehicle. Although the consultative examiner's opinion is based on an actual examination of the claimant, the opinion did not give adequate consideration to the claimant's pain. The above residual functional capacity generously considers the claimant's subjective complaints of pain. Accordingly, the undersigned assigns partial weight to the opinion.

(*Id*.).

The Court finds the ALJ's opinion to give Dr, Salvatierra's opinion little weight, properly set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray*, 722 F.2d at 502. Dr. Salvatierra's opined that Plaintiff had significant physical limitations, including significant limitations on lifting, sitting, standing, and the need to recline for two hours during an eight-hour workday. (AR 554-57). The ALJ determined that Dr. Salvatierra's opinion was contradicted by the state agency and Dr. Wagner's opinions. The state agency found that Plaintiff could perform light work and Wagner found that Plaintiff was capable of medium work, whereas Dr. Salvatierra found that Plaintiff had significant barriers to work, including only being able to walk, stand, or sit for one hour at a time in a workday. In light of these contrary conclusions, the ALJ could reasonably place less weight on Dr. Salvatierra's opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995) (explaining that the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence).

Further, the ALJ pointed to evidence in the record that Plaintiff's treatment had improved her condition, noting that "the record . . . reveals that the treatment has been generally successful in controlling those symptoms. For example, the [Plaintiff] underwent surgery of the right hip and reported overall improvement in pain following surgery. . .. Thus, the various forms of treatment have generally been successful in controlling the [Plaintiff's] symptoms." (*Id*. at 23). The ALJ also pointed to evidence in the record that demonstrated Plaintiff's physical condition was much improved by April 2018, noting that Plaintiff had a "normal gait and station, ability to

1  walk on toes and heels, negative Romberg, normal range of motion of the lumbar spine, negative
2  straight leg raise in the seated and supine positions, normal range of motion of the hips despite
3  mild discomfort of the hips at the extremes, normal strength, normal sensation, and normal
4  reflexes." (*Id*. at 25). "[T]he repeated findings of normal muscle strength, normal sensation,
5  normal reflexes, and normal gait support that the claimant is capable of a range of work at the
6  light exertional level." (*Id*.).

7  The Court finds that the ALJ articulated specific legitimate reasons supported by
8  substantial evidence for assigning little weight to Dr. Salvatierra's opinion. The Court finds no
9  error in the ALJ's consideration of the opinion of Dr. Salvatierra.

10  **B. Weight given to Dr. Meyer's Opinion**

11  Plaintiff contends that the ALJ erred when he gave partial weight to the opinion of Dr.
12  Meyer, a psychological consultative examining doctor, without setting forth specific, legitimate
13  reasons for doing so. (Doc. No. 20 at 15-18). The Court rejects Plaintiff's contention.

14  As with treating doctors, "the opinion of an examining doctor, even if contradicted by
15  another doctor, can only be rejected for specific and legitimate reasons that are supported by
16  substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing
17  *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ, in setting forth specific and
18  legitimate reasons, should set out "a detailed and thorough summary of the facts and conflicting
19  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater,* 157
20  F. 3d 715, 725 (9th Cir. 1998). "Substantial evidence means more than a mere scintilla, but less
21  than a preponderance." *Andrews,* 53 F.3d at 1039.

22  The ALJ gave partial weight to Dr. Meyer's opinion. Dr. Meyer "found the [Plaintiff] had
23  mostly moderate to marked limitations, including marked limitations performing work activities
24  on a consistent basis, adapting to changes in the workplace environment, and performing work
25  activities without special or additional supervision." (AR 28). The ALJ found that the limitations
26  outlined by Dr. Meyer:

27  > do not make sense in light of the claimant's testimony, the record,
   > and the claimant's work ability. For instance, the claimant testified
28  > she has worked as a dental assistant for several months since the

7

> alleged onset date, which does not support the opinion that the claimant would require special or additional supervision performing work activities. Moreover, this opinion also found the claimant was not capable of managing funds due to memory issues, but this is inconsistent with the claimant's own report that she can pay bills and handle finances.

(*Id*.).

The Court finds that the ALJ, in giving partial weight to Dr. Meyer's opinion, provided specific and legitimate reasons for doing so that are supported by substantial evidence in the record. Dr. Meyer found that Plaintiff may be "easily overwhelmed and distracted due to anxiety and panic attacks" and that her "mental health symptoms are . . . likely to impact her regular attendance in a 40-hour work week and her ability to tolerate stressful work environments." (*Id*. at 483). Dr. Meyer found that Plaintiff's abilities ranged from mildly to moderately limited. (*Id*. at 484-85). For example, Dr. Meyer found that Plaintiff's ability to maintain work attendance, to work a normal workday or workweek, to accept instructions from supervisors, interact with co-workers and the public, and deal with usual work stresses were moderately limited. (*Id*.). Dr. Meyer found that Plaintiff has marked memory deficits which would require Plaintiff to be given step-by-step instructions and may require supervision for safety-related tasks. (*Id*. at 484). Dr. Meyer found that Plaintiff's ability to understand, remember, and perform simple written and oral instructions was mildly limited, while Plaintiff's ability to understand, remember, and perform complex instructions was markedly limited. (*Id*.).

The ALJ found Dr. Meyer's opinion contradicted Plaintiff's own testimony that she was able to work for two days a week as a dental assistant. Plaintiff testified that she worked as a dental assistant since 1994, and had worked in this position, albeit with accommodations, for several months after the alleged onset date of her disability. (*Id*. at 17-18). Further, the ALJ noted that Plaintiff stated that she was able manage her finances, in contradiction to Dr. Meyer's opinion. (*Id*. at 23). Plaintiff specifically stated that she is capable of paying bills, counting change, and handling a savings account. (*Id*. at 231). The ALJ found Plaintiff's own statements were in direct contradiction to Dr. Meyer's statement that Plaintiff is "not capable of managing funds due to memory issues" and that "a payee would be required" to manage funds. (*Id*. at 485). Finally, in various parts of the record, Plaintiff reported that she engaged in various forms of

housework, driving, exercising, and physical therapy.  (*Id*. at 23).

The Court finds that the ALJ articulated specific legitimate reasons supported by substantial evidence for assigning partial weight to Dr. Meyer's opinion.  The ALJ could reasonably conclude portions of Dr. Meyer's opinion were in conflict and contradicted by Plaintiff's statements.  The Court finds no error in the ALJ's consideration of the opinion of Dr. Meyer's.

## V. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence.  Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

2. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and terminate any pending motions/deadlines and close this case.

Dated:    September 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE